## NEWCOMB BROTHERS v. NELSON & REID ET AL.

1. **Lis Pendens:** ACTION IN ATTACHMENT: INJUNCTION. The filing of a petition asking an attachment against the property of one defendant, and an injunction restraining a second defendant from disposing of a certain note and mortgage upon property of the former, will not charge with notice of plaintiff's claims one who pays for and receives the note and mortgage after the filing of the petition and the levy of the attachment on the mortgaged property, but before the service of the injunction. Such an action does not come within the provisions of section 2628 of the Code.

*Appeal from Des Moines District Court.*

WEDNESDAY, SEPTEMBER 22.

THIS action is brought to recover of Nelson & Reid $576.61, for merchandise alleged to have been sold to them as a firm. An injunction is prayed to restrain the defendant Reid from negotiating a note secured by a mortgage executed by the defendant Nelson to Reid. An attachment is also asked against the defendant Nelson. After the commencement of the action Lloyd was made a party defendant, it being alleged that subsequently to the commencement of the suit he fraudulently purchased the note and mortgage.

The court found for plaintiff against Reid & Nelson in the sum of $438.88. The court further found that the claim of Lloyd under the mortgage by Nelson to Reid is paramount to the lien of plaintiffs' attachment upon the mortgaged property, and that Lloyd's claim should be first paid. From this judgment the plaintiffs appeal.

*Hall & Huston*, for appellants.

*Blake & Hammack*, for appellees.

DAY, J—I. It is urged by the appellants that the pur chase by Lloyd of the note and mortgage was for the fraudu- lent purpose of enabling the defendant Reid to place the property beyond the reach of his creditors. The evidence shows that the agreement for the purchase was made April 13, 1875, on the evening of the day before this action was commenced. Both Reid and Lloyd testify that the purchase was made in good faith. Lloyd testifies that he had no knowledge whatever of any suit of any kind pending against Reid at the time when he made the bargain for the note and mortgage, or when he paid for them. In our opinion ·the evidence does not show that the purchase was fraudulent.

II. Appellants further insist that at the time Lloyd con- summated his purchase by payment he was chargeable with notice by the record of plaintiffs' claim and rights, and hence that he is not entitled to the protection given him by the decree. Lloyd made the con- tract for the purchase of the note and mortgage on the even- ing of April 13th. At that time he paid nothing, and did not obtain possession of the note and mortgage. About ten o'clock April 14th Lloyd paid for the note and mortgage, and they were delivered to him about eleven or twelve o'clock the same day. The petition in this case was filed prior to 9:45 A. M. April 14th. The writ of injunction was received by the sheriff April 14th at 9:45 A. M., and was served on David Reid at 6:30 P. M. The writ of attachment was received by the sheriff at the same time, and was levied upon the real estate in controversy at 9:45 A. M., and garnishment was served upon Lloyd at 4:35 P. M. and on David Reid at 6:30 P. M. of the same day. It appears, therefore, that Lloyd paid for and received the note and mortgage before the garnish- ment was served upon him, and before the injunction was served upon the defendant Reid.

1. LIS PEN- DENS: action in attach- ment: injunc- tion.

The *bona fides* of the purchase was not affected by the garnishment or by the injunction. It is true that the writ of attachment had been levied upon the property when Lloyd completed the purchase by payment; but the attachment was subject to the mortgage, and could not prevent the sale of the mortgage. It is claimed that the filing of the petition operated as notice to Lloyd under the provisions of section 2628 of the Code. This action does not affect real estate in a manner contemplated in that section. It is brought simply for an injunction to prevent the defendant Reid from negotiating the note and mortgage. The judgment, we think, is correct.

AFFIRMED.